TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
trevorcoddington@sandiegoiplaw.com
DAVID M. BECKWITH (CSB NO. 125130)
davidbeckwith@sandiegoiplaw.com
JAMES V. FAZIO, III (CSB NO. 183353)
jamesfazio@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

Attorneys for Plaintiffs,
P.I.C. INTERNATIONAL INC. and LI CHUNG
PLASTICS INDUSTRY CO., LTD.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

P.I.C. INTERNATIONAL INC. (d.b.a., H2Odyssey), a California corporation, and LI CHUNG PLASTICS INDUSTRY CO., LTD., a Taiwan corporation,

Plaintiffs,

vs.

MIFLEX 2 SPA, an Italy corporation, and MAURO MAZZO, an individual,

Defendants.

CASE NO. '17CV556 JAH WVG

**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 8,381,772**

**NO DEMAND FOR JURY TRIAL**

Plaintiffs P.I.C. International Inc. (d.b.a., "H2Odyssey") and Li Chung Plastics Industry Co., Ltd. ("Li Chung") (collectively, "Plaintiffs") seek a declaration that they do not infringe United States Patent No. 8,381,772 ("the '772 patent"), as follows:

**NATURE OF ACTION**

1. This is an action for a declaratory judgment of non-infringement arising under the patent laws of the United States, Title 35 of the United States Code. Plaintiffs request this relief because Defendants MiFlex 2 SpA ("MiFlex") and Mauro Mazzo ("Mazzo") (collectively, "Defendants") have (1) accused Plaintiffs and at least one of their customers of making and selling scuba hoses that infringe the '772 patent, and (2) threatened to take legal action to stop the alleged patent infringement. Defendants' accusations and threats have cast uncertainty over the commercialization of Plaintiffs' scuba hoses; endangered Plaintiffs' business and relationships with their customers, distributors, and partners, as well as Plaintiffs' rights to sell scuba hoses; and created a justiciable controversy between Plaintiffs and Defendants.

**THE PARTIES**

2. Plaintiff H2Odyssey is a California corporation with its principle place of business at 975 Park Center Drive, Vista, California 92081.

3. Plaintiff Li Chung is a corporation organized under the laws of the Taiwan with its principle place of business at No. 96, Ln. 36, Sec. 2, Tanxing Road, Tanzi District, Taichung City, 427 Taiwan (R.O.C.).

4. On information and belief, Defendant MiFlex is a corporation organized under the laws of Italy with its principle place of business at 7 Strada Provinciale per Lesmo, 4, Villasanta, Provincia di Monza e della Brianza 20852, Italy. Several distributors of MiFlex's hoses are located in this District including, but not limited to Aqua-Lung America, Inc. with its principle place of business at 2340 Cousteau Court, Vista, California 92081.

5. On information and belief, Mazzo is a citizen of Italy residing at Via Monteregio, 14/A, Casatenovo 23880, Italy, and is the president and chief executive officer of MiFlex.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1-390.

7. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

8. This Court has personal jurisdiction over Defendants because they have a continuous, systematic and substantial presence in this District; because they regularly conduct business and/or solicit business within this District; because they have purposefully directed activities at residents of this District, including H2Odyssey; and because they expressly solicited H2Odyssey in this District to "cease, desist and forever refrain from making, using and/or selling [scuba] hoses" from this District.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), because a substantial part of the events giving rise to Plaintiffs' claim occurred in this district, and because Defendants are subject to personal jurisdiction here.

10. An immediate, real, and justiciable controversy exists between Plaintiffs and Defendants as to whether Plaintiffs are infringing the '772 patent.

## THE REEXAMINATION OF THE '772 PATENT

11. The '772 patent, which is entitled "Low-Pressure Hose for Connection to Diving Cylinders for Underwater Activities," issued on February 26, 2013, with claims 1-9. Mazzo is designated as the sole inventor of the '772 patent. A true and correct copy of the '772 patent is attached as **Exhibit 1**.

12. According to United States Patent & Trademark Office (PTO) records, the '772 patent has not been assigned by Mazzo. On information and belief, Mazzo is the owner of the '772 patent and MiFlex is the exclusive licensee of the '772

patent.

13. On August 12, 2013, Li Chung requested *ex parte* reexamination of independent claim 1 of the '772 patent on obviousness-type grounds. The *ex parte* reexamination request was granted on October 18, 2013, and accorded reexam control no. 90/012,947 ("the '947 *ex parte* reexam").

14. On April 25, 2014, Mazzo traveled to the PTO (in Alexandria, VA) to attend an Examiner interview. During the interview, Mazzo displayed and described a sample of his patented hose, as well as several prior art hoses.

15. Mazzo is fluent in English as evident by his participation in the '947 *ex parte* reexam. On May 7, 2014, Mazzo declared, under penalty of perjury, that he was "fluent in the English language." *See* Supplemental Declaration of Mauro Mazzo at ¶ 85 ("I am a native Italian speaker and fluent in the English language."). A true and correct copy of the Supplemental Declaration of Mauro Mazzo is attached as **Exhibit 2**.

16. Mazzo has acknowledged that his '772 patent does not implement an adhesive such as glue. For example, on December 22, 2014, Mazzo expressly declared, under penalty of perjury:

"One advantage of my invention over Marena is that the inner sheath is secured to the inner tubular element ***without the need of an adhesive***. ***The adhesive is omitted*** because the inner tubular element is made of polyurethane while the inner braided sheath is made of polyester. This is the same construction used in the commercially sold products discussed in my prior declarations and in the Fifth Supplemental Declaration being submitted concurrently herewith."

*See* Fourth Supplemental Declaration of Mauro Mazzo at ¶ 131 (emphasis added). A true and correct copy of the Fourth Supplemental Declaration of Mauro Mazzo is attached as **Exhibit 3**.

17. During the prosecution of the '947 *ex parte* reexam, claims 1-9 were cancelled. After several unsuccessful attempts to overcome the PTO's prior art

rejections, Mazzo submitted new claims 28, 31-33, 35, 37, 41, and 44-52 on July 24, 2015. All of these claims use the close-ended transitional phrase "consisting of," as opposed to the open-ended transitional phrase "comprising," thereby substantially narrowing the scope of Mazzo's invention. The transitional phrase "consisting of" excludes any element not specified in the claim. *See Ex parte Davis*, 80 USPQ 448, 450 (Bd. App. 1948) ("consisting of" defined as "closing the claim to the inclusion of materials other than those recited").

18. On September 21, 2015, the Examiner concluded, via a non-final Office Action, that claims 28, 31-33, 35, 37, 41, and 44-52 were allowable (pending resolution of a defective reissue declaration). *See* Non-Final Office Action, September 21, 2015, at 6. A true and correct copy of this Non-Final Office Action is attached as **Exhibit 4**. Particularly, the Examiner noted:

"***The claims are written using the term 'consisting of' and thus limit the hose to the inner tubular element, the inner sheathing layer, the outer sheathing layer, and the coupling***. Patents to Marena, Powell, and Martucci, for instance, use coatings or intermediate layers between the braided layers and the inner tubular element, or between first and second braided layers, and therefore do not 'consist' of only the elements set forth in the claims. In constructions such as these, it would not have been obvious to omit the coatings or intermediate layers because they serve specific functions in the hoses, such as bonding the layers to one another." *Id*. at 8 (emphasis added).

19. On April 26, 2016, the PTO issued an *Ex Parte* Reexamination Certificate for the '772 patent. A true and correct copy of this Certificate is attached as **Exhibit 5**. Claims 28, 31-33, 35, 37, 41, and 44-52 from the '947 *ex parte* reexam were renumbered as claims 10-25 in the Certificate.

20. Absolute intervening rights apply to the '772 patent. Defendants cannot recover any damages for infringement of the '772 patent prior to April 26, 2016.

**DEFENDANTS' INFRINGEMENT ACCUSATIONS**

**AND THREATS OF LEGAL ACTION**

21. On April 22, 2013, Defendants sent a cease and desist letter to Li Chung regarding the '772 patent asserting that Li Chung "is making, and/or selling scuba hoses, which infringe the ['772 patent]." This letter stated that "Mauro Mazzo demands that Company Li Chung Plastic Industry Co., LTD immediately cease, desist and forever refrain from making, using and/or selling such hoses in the US and Italian Markets." As noted above, Li Chung requested *ex parte* reexamination of the '772 patent thereafter on August 13, 2013, which was concluded on April 26, 2016, after Mazzo substantially narrowed the scope of the '772 patent claims.

22. On February 6, 2017, Defendants sent a cease and desist letter to H2Odyssey regarding the '772 patent. A true and correct copy of this letter is attached as **Exhibit 6**. In its letter, Defendants state:

"According to the information we have received, and illustrations on page 8 of your catalogue, ***your company is making, and/or selling scuba hoses which infringe*** the above-identified patent. Accordingly, ***Miflex 2 Spa and Mauro Mazzo, demands that your company H2Odyssey immediately cease, desist and forever refrain from making, using and/or selling such hoses***. Please be advised that if you will continue these activities, we will be obliged to ask our lawyer to ***start a legal action to stop your Patent infringement***." (emphasis added).

23. On February 27, 2017, Defendants sent a similar cease and desist letter to H2Odyssey customer, Rock 'N Sports, located in Orange County, California, regarding the '772 patent and stating in-part:

"According to the information we have received, and illustrations of your catalogue, your company is making, and/or selling scuba hoses which infringe the above-identified patent. Accordingly, Miflex 2 Spa and Mauro Mazzo, demands that your company … immediately cease, desist and forever refrain from making,

using and/or selling such hoses. Please be advised that if you will continue these activities, we will be obliged to ask our lawyer to start a legal action to stop your Patent infringement."

24. Certain H2Odyssey customers have stopped purchasing the accused scuba hoses in view of Defendants' accusations and threats.

25. H2Odyssey's customers have expressed reluctance in purchasing the accused scuba hoses out of fear of a lawsuit by Defendants.

26. Certain Li Chung distributors have stopped purchasing the accused scuba hoses in view of Defendants' accusations and threats.

27. Li Chung's distributors have expressed reluctance in purchasing the accused scuba hoses out of fear of a lawsuit by Defendants.

28. Plaintiffs have lost approximately $1,500,000 in sales, annually, due to Defendants' actions.

**PLAINTIFFS DO NOT INFRINGE THE '772 PATENT**

29. Defendants have accused H2Odyssey's low pressure scuba hoses including its power inflator (BC) hose (#PLBCR) and low pressure regulator (LP) hose (#PLPHR), which are marketed by H2Odyssey under the trade name "Rhino Hose," of infringing the '772 patent (collectively, "the accused scuba hoses"). H2Odyssey purchases the accused scuba hoses from Li Chung, which are imported into the United States from Taiwan. H2Odyssey sells and ships the accused scuba hoses all over the United States.

30. Li Chung manufactures the accused scuba hoses in Taiwan and ships them to H2Odyssey, in San Diego, California, as well as other distributors in the United States.

31. The accused scuba hoses do not infringe any claim of the '772 patent. Each and every claim recited in the *Ex Parte* Reexamination Certificate for the '772 patent uses the transitional phrase "consisting of" restricting claims 10-25 to four elements: an inner tubular element, an inner sheathing layer, an outer sheathing

layer, and a hose.

32. **<u>Exhibit 7</u>** is a true and correct depiction of the accused scuba hoses. As shown in Exhibit 7, the accused scuba hoses include an inner tube, a glue layer, a reinforcement layer, an outer sheathing layer, and a hose coupling. The inner tube is synthetic polyvinylchloride resin (HS-PVC). The reinforcement layer is a polyester fiber braid, which covers and is glued to the inner tube. The outer sheathing layer is a polyester filament braid and covers the reinforcement layer. The hose coupling covers the outer sheathing layer.

33. Accordingly, the accused scuba hoses include a glue layer located between the inner tube and the reinforcement layer that is <u>not included</u> in claims 10-25 of the '772 patent. As such, the reinforcement layer is separated from the inner tube by the glue layer, and the reinforcement layer cannot be located directly on the inner tube as claimed by the '772 patent. The outer sheathing layer is made of a polyester filament braid, whereas in the '772 patent the outer sheathing layer is made of a nylon braid.

34. Particularly, the accused scuba hoses do not meet the limitation, "an inner sheathing layer braided directly over the inner tubular element and consisting of a polyester braid," as recited in claims 10-25 of the '772 patent.

35. The accused scuba hoses also do not meet the limitation, "an outer sheathing layer directly on the inner sheathing layer and consisting of a nylon braid to define an abrasion-resistant outermost element of the low pressure hose that is independent from, not attached to, and does not cooperate intimately with the inner tubular element and inner sheathing layer and thereby provides enhanced flexibility and kinking prevention," as recited in claims 10-25 of the '772 patent.

36. The accused scuba hoses also do not meet the limitation, "wherein the plastic material comprises polyurethane," as recited in claim 17 of the '772 patent.

///

///

## FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the '772 Patent)**

37. Plaintiffs repeat, reallege, and incorporate by reference the preceding allegations above as though set forth fully herein.

38. Plaintiffs and Defendants are direct competitors.

39. Mazzo claims to own all rights, title, and interest in the '772 patent. On information and belief, MiFlex is the exclusive licensee of the '772 patent.

40. Defendants accuse Plaintiffs of infringing the '772 patent by making, using, and/or selling the accused scuba hoses.

41. Defendants intend to stop Plaintiffs from forever selling the accused scuba hoses.

42. Defendants have threatened to start a legal action to stop Plaintiffs' purported infringement.

43. Plaintiffs' sales of the accused scuba hoses have decreased in response to Defendants' allegations and threats.

44. Plaintiffs do not directly or indirectly infringe the '772 patent.

45. A substantial, immediate, and real controversy therefore exists between Plaintiffs and Defendants regarding whether the accused scuba hoses infringe or have infringed the '772 patent. A judicial declaration is necessary to determine the parties' respective rights regarding the '772 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment in their favor and against Defendants as follows:

(a) Declaring that the accused scuba hoses do not infringe the '772 patent;

(b) Declaring that judgment be entered in favor of Plaintiffs and against Defendants on Plaintiffs' claim;

(c) Finding that this is an exceptional case under 35 U.S.C. § 285;

(d) Awarding Plaintiffs their costs and attorneys' fees in connection with

this action; and

(e) Such further and additional relief as the Court deems just and proper.

Dated: March 21, 2017

SAN DIEGO IP LAW GROUP LLP

By: /s/Trevor Coddington/

TREVOR Q. CODDINGTON, PH.D.
DAVID M. BECKWITH
JAMES V. FAZIO, III

Attorneys for Plaintiffs,
P.I.C. INTERNATIONAL INC. and LI CHUNG PLASTICS INDUSTRY CO., LTD