UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.I.C. INTERNATIONAL INC., a California corporation d/b/a H2Odyssey and LI CHUNG PLASTICS INDUSTRY CO., a Taiwan corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MIFLEX 2 SPA, an Italy corporation and MAURO MAZZO, an individual,<br><br>Defendants. | Case No.: 3:17-cv-0556-CAB-WVG<br><br>**ORDER ON DEFENDANT MAURO MAZZO'S MOTION TO DISMISS AND REQUEST FOR SANCTIONS [Doc. No. 16.]** |

This matter comes before the Court on Defendant Mauro Mazzo's ("Mazzo") motion to dismiss [Doc. No. 16]. On August 8, 2017, Defendant Mazzo sought dismissal of the lawsuit for lack of personal jurisdiction and lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Additionally, Defendant Mazzo moved the Court for an award of $6,135.00 in attorneys' fees, pursuant to 28 U.S.C. § 1927.

In the interim between Defendant Mazzo's filing of the motion to dismiss and Plaintiffs' response in opposition's due date, this Court issued an order on Defendant MiFlex 2 S.P.A's motion to dismiss. Based on the affidavits and documentary evidence

before it the Court determined that Defendant MiFlex was not subject to the personal jurisdiction in this court. [Doc. No. 17.] In reaching its conclusion, the Court relied on Defendant Mazzo's declaration that provided details of MiFlex's contacts with California and lack thereof, to find that MiFlex did not have sufficient minimum contacts with California to support a claim of specific personal jurisdiction over it. [*See* Doc. No. 12-2. at ¶¶ 12, 18, 19-23, 25, 26, 28-32.] Defendant Mazzo relies on essentially the same evidence as MiFlex did in its earlier motion.

The deadline for Plaintiffs to file their opposition has come and gone, and as of the date of this order, Plaintiffs have not filed a response. On September 5, 2017, Defendant Mazzo filed his reply, noting Plaintiffs' failure to oppose the motion[1] and requesting the Court grant his motion to dismiss and for monetary sanctions in full. [Doc. No. 18.]

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(2) allows a district court to dismiss an action for lack of personal jurisdiction. In order to survive the motion to dismiss, Plaintiffs must show that Defendant Mazzo has minimum contacts with the forum state as will "potentially allow exercise of personal jurisdiction" over him. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2011). Because the motion to dismiss for lack of jurisdiction is based on affidavits and documentary evidence, Plaintiffs are required to make a prima facie showing that Mazzo is subject to personal jurisdiction in California. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012); *Autogenomics, Inc. v. Oxford Gene Tech.*, 566 F.3d 1012, 1017 (Fed. Cir. 2009); *Elecs. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2003)

In support of his motion to dismiss, Defendant Mazzo submitted declarations from himself, Matthew C. Lapple, and incorporates by reference, the earlier declaration he made

---

[1] Local Rule 7.1 (f)(3) provides that "if an opposing party fails to file the papers required by Civ. Local Rule 7.1.e.2. that failure may constitute a consent to the granting of the motion."

in support of Defendant MiFlex's motion to dismiss. [Doc. Nos. 12-2, 16-2, 16-5] In the declaration filed in support of this motion Mazzo attests that he is an Italian citizen, domiciliary and businessman who has lived most of his life in Italy. [Doc. No. 16-2 at ¶ 9.] Mazzo declares that in May 2015 he executed a contract with MiFlex 2 to sell all of his rights and interests in the '722 patent at issue in this case. [*Id.* at ¶¶ 13, 14.] Mazzo also declares that, in his personal capacity, he has no contacts with California other than vacations taken here in the past, does not own or rent any property in California, has no assets or employees in California, and has never paid any California taxes. [Doc. No. 16-2 at ¶¶ 19, 22, 23.] He also states that with the exception of the present lawsuit, neither MiFlex nor himself, has ever been sued or filed a lawsuit in California, and since the patent's issuance in 2013, has sent only eight cease and desist letters to five companies, two of which, Oceanic and Trident Diving Equipment, are based in California. [Doc. No. 12-2 at ¶¶ 15, 16, 34-36; Doc. No. 16-2 at ¶ 18, 20]

By not filing an opposition, Plaintiffs have not met their burden of demonstrating that Mazzo "has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1330 (Fed. Cir. 2008) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985) (internal quotations and citations omitted)). In the absence of evidence to the contrary, the Court finds that Defendant Mazzo is not subject to personal jurisdiction in this Court[2].

Accordingly, the Court **GRANTS** Defendant Mazzo's motion to dismiss [Doc. No. 16]**,** and hereby **ORDERS** that Plaintiffs' claims against Mazzo are **DISMISSED**.

---

[2] Having determined that this Court lacks personal jurisdiction over Mazzo, the Court need not address his argument that this Court does not have subject matter jurisdiction over this matter to grant declaratory relief.

3

3:17-cv-0556-CAB-WVG

**B. Request for Attorneys' Fees**

Defendant Mazzo moved the Court for an award of $6,135.00 in attorneys' fees, pursuant to 28 U.S.C. § 1927. Section 1927 provides that:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 sanctions must be supported by a finding of bad faith or recklessness. *Lahiri v. Universal Music & Video Distrib. Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan,* 78 F.3d at 436 (citation omitted).

Defendant Mazzo asserts that on multiple occasions requests were made to dismiss him from the case because he was not a proper defendant in the declaratory judgment action. Mazzo declares that he provided Plaintiffs' counsel with a "Confirmatory Assignment" attesting to the comprehensiveness of the original assignment he executed that transferred all of his rights to the '722 patent, including the right to seek damages for past infringement, to MiFlex. [Doc. Nos. 16-3, 16-4.] The Confirmatory Assignment was signed on the July 21, 2017 and emailed to Plaintiffs' counsel, Trevor Coddington. [Doc. No. 16-4; 16-5 at ¶ 7; Doc. No. 16-10.] Defendant Mazzo contends that upon receipt of this indisputable proof that he personally could not and did not pose any patent enforcement threat to Plaintiffs they should have dismissed him from this case. In Mazzo's view Plaintiffs' have "vexatiously and unreasonably multiplied the proceedings in this case by refusing to voluntarily dismiss Mr. Mazzo." [Doc. No 16-1 at 21.][3]  Further, Defendant

---

[3] Page cites refer to the CM/ECF assigned page designations at the top of the docketed document.

Mazzo asserts that Plaintiffs' continued refusal to dismiss him "gives rise to the inference that either Plaintiff's or their counsel sought to impose upon Defendant Mazzo the additional expense and effort of filing the present motion for dismissal." [*Id.* at 22.]

Plaintiffs have not filed an opposition to this request, therefore there is no evidence before the court that their refusal to dismiss Defendant Mazzo from the case was not done in bad faith for the purpose of harassing him. Furthermore, upon receipt of the Confirmatory Assignment, Plaintiffs' were on notice that Mazzo was not a proper defendant in this action yet refused to dismiss him. Therefore, the Court **GRANTS** Defendant Mazzo's motion to sanction Plaintiffs under 28 U.S.C. § 1927. Accordingly, the Court hereby **ORDERS** Plaintiffs pay Defendant Mazzo $6,135.00 in attorneys' fees to cover the costs reasonably incurred because of their conduct.

It is **SO ORDERED**.

Dated: September 7, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge