UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.I.C. INTERNATIONAL INC., a California corporation d/b/a H2Odyssey and LI CHUNG PLASTICS INDUSTRY CO., a Taiwan corporation,<br><br>Plaintiffs,<br><br>v.<br><br>MIFLEX 2 SPA, an Italy corporation and MAURO MAZZO, an individual,<br><br>Defendants. | Case No.: 3:17-cv-0556-CAB-WVG<br><br>**ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**<br>**[Doc. No. 21.]** |

This matter comes before the Court on Plaintiffs' Motion for Reconsideration of the Court's September 7, 2017 Order pursuant to Federal Rules of Civil Procedure 59(e) and 60(b). [Doc. No. 21]. The Court has determined that it does not need Defendant's response in opposition in order to decide the motion. Further, the Court finds the motion suitable for determination on the papers submitted and without oral arguments in accordance with Civil Local Rule 7.1(d)(1).

On August 8, 2017, Defendant Mazzo sought dismissal of the lawsuit for lack of personal jurisdiction and lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2). Additionally, Defendant Mazzo moved the Court for an award of $6,135.00 in attorneys' fees, pursuant to 28 U.S.C. § 1927. In the interim between Defendant Mazzo's filing of the motion to dismiss and Plaintiffs' response in

opposition's due date, this Court granted Defendant MiFlex 2 S.P.A's motion to dismiss for lack of personal jurisdiction. [Doc. No. 17.] Plaintiffs did not oppose Mazzo's motion to dismiss. On September 5, 2017, Defendant Mazzo filed his reply, noting Plaintiffs' failure to oppose the motion[1] and requesting the Court grant his motion to dismiss and for monetary sanctions in full. [Doc. No. 18.] Plaintiffs filed nothing in response, choosing instead to wait until September 13, 2017 to file the current motion.

After finding Defendant Mazzo not subject to the personal jurisdiction of this Court, the undersigned awarded fees related to the costs of filing the motion to dismiss. [Doc. No. 19.] The Court awarded the fees because there was no evidence before the Court that Plaintiffs' refusal to dismiss Defendant Mazzo from the case was not done in bad faith for the purpose of harassing him. [*Id.* at 5.][2] Further, the Court found that, upon receipt of the Confirmatory Assignment on July 21, 2017, Plaintiffs were on notice that Mazzo was not a proper defendant in this action yet refused to dismiss him. [*Id.*]

Plaintiffs now move the Court to reconsider its award of attorney's fees in the amount of $6,135. Plaintiffs claim that their failure to file an opposition was because their counsel "erroneously calculated a due date for its opposition based not on the hearing date per this Court's Local Rules and Chamber Rules, but on the Federal Rules of Civil Procedure and thus incorrectly thought the due date for its opposition was September 7, 2017, instead of August 29, 2017," and that the error was the result of excusable neglect. [Doc. No. 21-1 at 2.] Plaintiffs further assert that following the Court's granting of Defendant MiFlex's motion to dismiss, they intend to file a Notice of Voluntary Dismissal by September 7th but "the Court issued the present order just before Plaintiffs could file their dismissal that same day." [*Id.*]

---

[1] Local Rule 7.1 (f)(3) provides that "if an opposing party fails to file the papers required by Civ. Local Rule 7.1.e.2. that failure may constitute a consent to the granting of the motion."
[2] Page cites refer to the CM/ECF assigned page designations at the top of the docketed document

2

3:17-cv-0556-CAB-WVG

Rule 60 provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1994). The Rule identifies six permissible grounds for relief from a final judgment, order, or proceeding, namely: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) and other reason justifying relief." Fed. R. Civ. P. 60(b). Local Rule 7.1(i)(1) provides that that party seeking reconsideration must set forth "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application."

In their motion, Plaintiffs present the Court with additional facts and circumstances for its consideration. Plaintiffs assert that when they commencing this lawsuit they had a reasonable belief that Mazzo had standing to sue for patent infringement. Further, Plaintiffs point to their May 5, 2017 offer to dismiss with prejudice Mazzo from this case, if he agreed that absolute intervening rights applied to the '722 patent. Plaintiffs assert that the necessity of filing the motion to dismiss could have been avoided if Defendant Mazzo had simply agreed to their request. Plaintiffs also claim that following the Court's August 18, 2017, order dismissing MiFlex from this lawsuit, "Plaintiffs intended to dismiss its claims against Mazzo and communicated such to Mazzo's counsel on August 23rd," and after Mazzo refused to join the motion, they intended to file their own Notice of Voluntary Dismissal, rather than an response in opposition to the pending motion to dismiss, on September 7, 2017. [Doc. No. 21-1 at 6.] Finally, Plaintiffs argue that they should not be sanctioned for their counsel's mistake in calculating the due date because "the circumstances of this error were obviously within counsel's control, but the resulting inaction amounts only to an omission caused by excusable negligence." [*Id.*] Plaintiffs posit that their counsel miscalculated the due date "by overlooking the local rules and

3

3:17-cv-0556-CAB-WVG

chambers rules, that trumped ordinary federal civil procedure.[3] Plaintiffs goofed, big time." [*Id.* at 7.]

None of the reasons propounded by Plaintiffs provide permissible grounds for relief under Rule 60 and overlook the fact that the Court did not award the fees simply because Plaintiffs' counsel failed to oppose the motion. The Court awarded fees because it was clearly evident that Defendant Mazzo was not subject to this Court's jurisdiction and he should never have been hauled into court here. Further, even assuming that Plaintiffs did indeed have a good faith belief that Mazzo had standing to sue for patent infringement, upon receipt of the Confirmatory Assignment on July 21, 2017, Plaintiffs should have chosen to voluntary dismiss him from the case – they choose not to do so which necessitated his filing of the motion to dismiss on August 8, 2017. Neither the May 5, 2017, nor the August 23, 2017, offers to dismiss Defendant Mazzo from this lawsuit, excuse Plaintiffs' decision to file suit against him in a District that had no jurisdiction over him, or their subsequent refusal to dismiss him. Furthermore, Plaintiffs attempt to use Defendant Mazzo's refusal to stipulate to a dismissal as grounds for their failure is belied by Rule 41 of the Federal Rules of Civil Procedure which provides that prior to an opposing filing an answer or motion for summary judgment a Plaintiff can unilaterally move for a voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A).

For the foregoing reasons, the Motion for Reconsideration of the Court's September 7, 2017 Order [Doc. No. 21] is **DENIED** and the September 7, 2017 Order remains in effect.

It is **SO ORDERED**.

Dated: September 20, 2017

Hon. Cathy Ann Bencivengo
United States District Judge

---

[3] Noticeably absent from Plaintiffs' motion is a citation to the Federal Rule of Civil Procedure upon which their counsel relied. The Court is unaware of any rule that suggests the filing date for a response in opposition is two days before a noticed hearing date.